# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE DeCHELLIS, | No. 2:13-CV-0148-KJM-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| OCWEN LOAN SERVICING, LLC, et al., | |
| Defendants. | |
| _____ / | |

    Plaintiff, who is proceeding pro se, bring this civil action. Defendants removed the action to this court, invoking the court's federal question jurisdiction because plaintiff alleges claims based on federal law. Pending before the court is defendants' unopposed motion to dismiss (Doc. 6).

/ / /

/ / /

/ / /

/ / /

/ / /

# I. PLAINTIFF'S ALLEGATIONS

This action proceeds on the original complaint against the following defendants: Ocwen Loan Servicing, LLC; U.S. Bank, NA; and Western Progressive, LLC. The gravamen of plaintiff's complaint is that defendants violated federal and state laws by failing to offer her a loan modification on loans secured by real property located in Siskiyou County, California.[1] On information and belief only, plaintiff alleges:

1. Her loans were bundled and sold as "mortgage-backed securities."
2. None of the defendants owned the subject loans or were the "note holder" for the subject loans.
3. Defendants failed to reply to "oral and written demands for validation of the debt. . . ."
4. She was never notified of the foreclosure sale.
5. Defendants fraudulently denied her requests for loan modifications.

Plaintiff does not set forth any specific requests for relief in her complaint.

# II. STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by

---

[1] The property was sold at a non-judicial foreclosure on November 22, 2011.

2

lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

/ / /

### III. DISCUSSION

Plaintiff's complaint is a laundry list of legally conclusory statements, largely drawn from the language of the various federal laws cited, without reference to any supporting factual allegations. Additionally, plaintiff has not set forth any legal basis for her argument that defendants owed her a duty to offer a loan modification. Further, plaintiff has not requested any form of relief. Finally, given the complete lack of factual allegations set forth in the complaint, and plaintiff's failure to oppose defendants' motion to dismiss, the court finds that granting leave to amend would be futile.

### IV. CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' unopposed motion to dismiss (Doc. 6) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 10, 2013

                                                                 _____
                                                                 **CRAIG M. KELLISON**
                                                                 UNITED STATES MAGISTRATE JUDGE